IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: : | Chapter 7 |
| PEPTIMMUNE, INC. : | Case No. 11-12298(WCH) |
| Debtor. : | |

**TRUSTEE'S MOTION FOR ORDER EXTENDING TIME TO
ASSUME OR REJECT EXECUTORY CONTRACTS
(EXPEDITED DETERMINATION OF INTERIM RELIEF REQUESTED)**

Pursuant to 11 U.S.C. § 365(d)(1), Rule 6006 of the Federal Rules of Bankruptcy Procedure and Massachusetts Local Bankruptcy Rule 6006-1, John J. Aquino, Chapter 7 Trustee (the "Trustee") of the Debtor Peptimmune, Inc. (the "Debtor"), hereby moves this Court, for an order extending the time within which the Trustee must assume or reject executory contracts (the "Motion"). Attached as **Exhibit 1** is a list of contracts which may be executory, and be of interest to potential purchasers.[1]

The Trustee requires the extension because he is in the process of managing an orderly sale of the Debtor's assets, which sale will not be concluded until after the current assumption/rejection deadline expires on May 20, 2011. Accordingly, and for the reasons set forth below, cause exists to support an extension of time to assume or reject until and including July 19, 2011. In support of this Motion, the Trustee respectfully represents as follows:

---

[1] The Trustee reserves all of his rights with respect to the contracts listed on **Exhibit 1**. Specifically, in listing a contract on such schedule the Trustee is neither admitting nor denying that such document constitutes an executory contract.

{K0446583.1}

## BACKGROUND

1. On March 21, 2011 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts.

2. On March 21, 2011, the United States Trustee appointed John J. Aquino of Anderson Aquino LLP, 240 Lewis Wharf, Boston, Massachusetts, as the Trustee.

3. The Debtor is a Delaware Corporation that most recently maintained a principal place of business in Cambridge, Massachusetts. The Debtor is a clinical stage biotechnology company developing therapeutics for the treatment of the central nervous system and autoimmune disorders. According to the Debtor's Schedules and Statement of Financial Affairs filed on the Petition Date, the Debtor's primary assets include certain patents and other intellectual property detailed in the Schedules.

4. The Trustee has received expressions of interest from potential buyers of the Debtor's intellectual property.

## RELIEF REQUESTED

5. Pursuant to section 365(d)(1) of the Bankruptcy Code, the deadline by which the Trustee may assume or reject is Friday, May 20, 2011. By this Motion, the Trustee seeks the entry of an order extending the time within which he may assume or reject until and including July 19, 2011.

6. Section 365(d)(1) of the Bankruptcy Code grants a trustee an initial sixty (60) day period to determine whether to assume or reject unexpired executory contracts and certain unexpired leases, unless such time is extended by order of the Court. Section 365(d)(1) provides, in pertinent part:

> [I]n a case under chapter 7 of this title, if the trustee does not assume
> or reject an executory contract or unexpired lease of residential real
> property or of personal property of the debtor within sixty 60 days
> after the order for relief, or within such additional time as the court, for
> cause, within such 60-day period, fixes, then such contract or lease is
> deemed rejected. . . .

11 U.S.C. § 365(d)(1).

7. Accordingly, this Court has express authority, when appropriate cause is shown, to extend the time within which a Trustee may assume or reject the Debtor's unexpired executory contracts. *See* 11 U.S.C. § 365(d)(1); *see e.g.*, In re Lefrak, 223 B.R. 431, 434) (Bankr. S.D.N.Y. 1998). The purpose of this section is to benefit the estate by permitting a trustee to assume beneficial contracts and reject burdensome ones. *See* Liona Corp. v. PCH Assocs. (In re: PCH Assocs.), 804 F.2d 200 (2d Cir. 1986).

8. Section 365(d)(1) strikes a balance between the interest of a trustee in liquidating the estate in a commercially reasonable manner and the interests of the parties to the executory contracts and certain leases who may want a prompt resolution of their rights and remedies. *See* In re Telemark Management Co., Inc., 51 B.R. 623, 625 (Bankr. W.D. Wis. 1984).

9. Cause exists to grant the extension request in order to avoid any inadvertent forfeiture in the relatively early stages of this case as a result of the "deemed rejected" language found in section 365 of the Bankruptcy Code. *See, e.g.,* Lefrak, 223 B.R. at 434. It is in the best interest of the Debtor's estate to allow the Trustee the additional time requested to determine whether the assumption or assignment of any executory contracts would be beneficial to the estate in connection with the current process of selling the Debtor's remaining assets.

10. Counterparties will not be prejudiced by this short extension as their right to seek an order to shorten the Trustee's time to assume or reject any particular executory contract or unexpired lease will be preserved.

11. The Trustee has had only a limited opportunity to familiarize himself with the Debtor's operations and contractual relationships. **Exhibit 1** contains a listing of parties with whom the Debtor maintained contracts that the Trustee has been able to determine as of this date. There may be other contracts and counterparties of the Debtor that remain unknown to the Trustee. In addition, the Debtor may have had additional contracts with the counterparties listed on Exhibit 1 other than the specific contracts listed there. The Trustee reserves his right to revise the attached **Exhibit 1** to add or delete such contracts as are necessary.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order extending the time within which the Trustee must assume or reject any of the Debtor's executory contracts (including without limitation executory contracts with parties listed on **Exhibit 1**) until and including July 19, 2011 and grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

JOHN J. AQUINO, CHAPTER 7 TRUSTEE OF PEPTIMMUNE, INC.

By his attorney,

By: /s/ John G. Loughnane
John G. Loughnane (BBO No. 557599)
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
Telephone: (617) 342-6885
Facsimile: (617) 342-6899

Dated: May 19, 2011

{K0446583.1}                                    4

| |
|---|
| Benefit Strategies, LLC<br>P.O. Box 1300<br>Manchester, NH  03105-1300 |
| Blue Cross & Blue Shield<br>P.O. Box 371318<br>Pittsburgh, PA  15250-7318 |
| Corden Pharma Switzerland<br>Eichenweg 1 CH-4410 Liestal Switzerland |
| Delta Dental Plan of Massachusetts<br>P.O.Box 415566<br>Boston, MA  02241-5566 |
| DSCI Corporation<br>P.O. Box 984001<br>Boston, MA  02298-4001 |
| Fisher Clinical Services<br>7554 Schantz Road<br>Allentown, PA  18106 |
| Interactive Media Architects<br>14 Inn St.<br>Newburyport, MA  01950 |
| Masy Systems, Inc.<br>10-4 Lomar Park Drive<br>P.O. Box 485<br>Pepperell, MA  01463 |
| President and Fellows of Harvard University Holyoke Center, Suite 727<br>1350 Massachusetts Avenue<br>Cambridge, MA  02138 |
| Retrievex<br>249 North Street<br>Danvers, MA  01923 |

Boehringer-Ingelheim International GmbH
Binger Str. 173
55216 Ingelehiem, Germany

S. Peter Ludwig, Esquire
Fish & Richardson
601 Lexington Avenue
52nd Floor
New York, NY 10022-4611

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| PEPTIMMUNE, INC. | : | Case No. 11-12298(WCH) |
| | : | |
| Debtor. | : | |

## CERTIFICATE OF SERVICE

I, John G. Loughnane, certify that on May 19, 2011, a true and correct copy of the *Trustee's Motion for Order Extending Time to Assume or Reject Executory Contracts (Expedited Determination of Interim Relief Requested)* was served via CM/ECF, first class mail or air mail to the following parties:

John Fitzgerald **(via ECF)**
Office of the US Trustee
J.W. McCormack Post Office &
Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

James M. Wilton
**(via ECF)**
Ropes and Gray LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600

William J. Hanlon
**(via ECF)**
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

Alex F. Mattera
**(via ECF)**
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA 02110

John Aquino
**(via ECF)**
Anderson Aquino LLP
240 Lewis Wharf
Boston, MA 02110

### Entities listed in Exhibit 1 of Motion:

Blue Cross & Blue Shield
**(via First Class Mail)**
P.O. Box 371318
Pittsburgh, PA 15250-7318

Corden Pharma Switzerland
**(via Air Mail)**
Eichenweg 1 CH-4410 Liestal
Switzerland

{K0446583.1}                    7

Delta Dental Plan of Massachusetts, Inc.
**(via First Class Mail)**
P.O. Box 415566
Boston, MA  02241-5566

Fisher Clinical Services
**(via First Class Mail)**
7554 Schantz Road
Allentown, PA  18106

Masy Systems, Inc.
**(via First Class Mail)**
10-4 Lomar Park Drive
P.O. Box 485
Pepperell, MA  01463

Retrievex
**(via First Class Mail)**
249 North Street
Danvers, MA  01923

Boehringer-Ingelheim
  International GmbH
**(via Air Mail)**
Binger Str. 173
55216 Ingelehiem, Germany

S. Peter Ludwig, Esquire
**(via First Class Mail)**
Fish & Richardson
601 Lexington Avenue
52nd Floor
New York, NY 10022-4611

SCI
**(via First Class Mail)**
P.O. Box 984001
Boston, MA  02298-4001

Interactive Media Architects
**(via First Class Mail)**
14 Inn St.
Newburyport, MA  01950

President and Fellows of Harvard University
**(via First Class Mail)**
Holyoke Center, Suite 727
1350 Massachusetts Avenue
Cambridge, MA  02138

Benefit Strategies, LLC
**(via First Class Mail)**
P.O. Box 1300
Manchester, NH  03105-1300

/s/ John G. Loughnane
John G. Loughnane

Dated:  May 19, 2011