**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

|  |  |
|---|---|
| **In re** | Chapter 7 |
| **PEPTIMMUNE, INC.,** | Case No. 11-12298-WCH |
| **Debtor.** | |

**ORDER APPROVING BIDDING PROCEDURES AND**
**BREAK-UP FEE IN CONNECTION WITH PROPOSED SALE OF ESTATE ASSETS**

This matter came before the Court upon the motion (the "Motion") of John J.

Aquino, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Peptimmune,

Inc. (the "Debtor"), for an Order (a) authorizing bidding procedures (the "Bidding

Procedures") to be employed in connection with the proposed sale (the "Asset Sale") of

substantially all of the Debtor's assets (collectively, the "Purchased Assets") to

Peptimmune Acquisition, LLC (together with any designees, the "Buyer" ) or another

bidder submitting a higher or better offer at a proposed auction (the "Auction"); (b)

authorizing and approving sale of the Purchased Assets free and clear of liens, claims,

encumbrances and interests pursuant that certain Asset Purchase Agreement dated July

21, 2011, between the Trustee and Buyer (the "Asset Purchase Agreement"); (c)

authorizing assumption and assignment of certain executory contracts, and (d) granting

related relief.  Having reviewed pleadings filed by counsel to the Trustee; based on all of

the evidence, including any evidence proffered at a hearing regarding the Bidding

Procedures held this date (the "Bidding Procedures Hearing"), representations and offers

of proof made by counsel, and argument of counsel; and on the entire record of the

Bidding Procedures Hearing; and any objections having been filed having been resolved,

withdrawn, or overruled, and there appearing good cause therefor:

IT IS HEREBY FOUND AND CONCLUDED, pursuant to Bankruptcy Rules 7052 and 9014, that:

A.      On March 21, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

B.      On March 21, 2011, the United States Trustee appointed John J. Aquino of Anderson Aquino LLP, 240 Lewis Wharf, Boston, Massachusetts, as Chapter 7 Trustee (the "Trustee").

C.      This Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of title 28 of the United States Code (the "U.S. Code" ). This is a core proceeding pursuant to Section 157(b)(2) of the U.S. Code. Venue of the Chapter 7 Case in this District is proper pursuant to Section 1408 of the U.S. Code, and venue of this matter is proper pursuant to Section 1409(a) of the U.S. Code.

D.      The Trustee has provided notice of the relief sought with respect to the Bidding Procedures and the other relief requested in the Motion to: (a) the Office of the United States Trustee for the District of Massachusetts (the "US Trustee"); (b) all parties known to have asserted liens against the Purchased Assets; (c) federal and state taxing authorities offices which have a reasonably known interest in the relief requested in the Motion; (d) counsel to the Buyer; and (e) all parties who have filed notices of appearance requesting service of notices and pleadings in this case, and any party known to the Trustee that has expressed an interest in a transaction with respect to the Purchased Assets within the last twelve (12) months (the "Core Notice Parties").  The notice and

opportunity to be heard with respect to the Bidding Procedures was proper, timely,

adequate, and sufficient, and meets the requirements of the Bankruptcy Code and

Bankruptcy Rules, is reasonably calculated to give actual notice of the relief

contemplated hereby, is appropriate under the circumstances, and no further notice is

required.  A reasonable opportunity to object or be heard regarding the relief granted by

this Order has been afforded to those parties entitled to notice.

E.      The approval of the Bidding Procedures is in the best interest of the estate,

its creditors, and other parties in interest.  The Trustee's determination to propose and to

agree to such provisions is within the reasonable business judgment of the Trustee.  The

Bidding Procedures, including the Break-Up Fee, are fair and reasonable and reasonably

calculated to enhance the process of competitive bidding for and maximize recovery with

respect to the Debtor's assets and are beneficial to the estate and its creditors.  The Break-

Up Fee is fair, reasonable, and necessary to preserve and enhance the value of the estate

by encouraging further competitive bidding and providing other potential bidders with a

benchmark as to the initial value of the Debtor's assets.

F.      It is in the best interest of the bankruptcy estate to proceed expeditiously

with the proposed asset sale to best preserve and protect the value of such assets for the

benefit of the estate and its creditors.

WHEREUPON, IT IS HEREBY ORDERED THAT:

1.      The relief sought in the Motion concerning the Bidding Procedures is

granted. To the extent that there is any conflict between the provisions of this Order and

the provisions of the Motion or the Asset Purchase Agreement, the terms of this Order

shall control. The Bidding Procedures hereby are approved. The Notice of Sale, annexed

to the Motion as Exhibit D, as such notice may be amended appropriately to conform

with the provisions of this Order, shall be, and hereby is, approved.

2.        Upon entry of this Order, the Trustee shall serve by first-class mail,

postage pre-paid, within three (3) business days: (i) this Order and the Notice of Sale

upon the Core Notice Parties, and (ii) the Notice of Sale upon all other persons entitled to

notice pursuant to Bankruptcy Rule 2002(a)(2).  The Trustee shall serve a copy of this

Order and notice of the Motion and Sale Hearing substantially in the form of notice

annexed to the Motion as Exhibit E ("Assigned Contract Notice"), as such notice may be

amended appropriately to conform with the provisions of this Order on all non-debtor

parties to all executory contracts that may be assigned as a condition to or in connection

with the closing of the Asset Purchase Agreement ("Assigned Contracts").  Notice as set

forth herein provides the recipient with ample notice of the relief requested, the relative

impact that such relief may have on the recipient, and the procedures that a recipient must

follow if such recipient wishes to respond, participate in the Auction, or otherwise object

to the relief requested, as the case may be. The form and manner of notice set forth in this

paragraph and the preceding paragraph are reasonable and sufficient to provide effective

notice to all interested parties and shall be, and hereby are, approved as sufficient notice

of the Bidding Procedures, the Sale Hearing, the Motion, and all relief (not granted or

otherwise addressed by this Order) contemplated thereby.

3.        Pursuant to Bankruptcy Rule 9014, objections to the Motion (except as

related to this Order) must: (a) be in writing; (b) state the legal and factual basis for such

objection; (c) comply with the Bankruptcy Rules and the MLBR; (d) be filed with the

Clerk of the Bankruptcy Court; and (e) be served on (i) bankruptcy counsel to the

Trustee, Anderson Aquino, LLP, 240 Lewis Wharf, Boston, MA  02110, Attn: Donald F.

Farrell, Jr.; (ii) counsel to Buyer, Nixon Peabody LLP, 300 Summer Street, Boston, MA

02110, Attn: Victor G. Milione; and (iii) United States Trustee, Office of the U.S.

Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite

1100, Boston, MA 02109-3945, Attn: Jennifer L. Hertz, Esq. (collectively, the "Service

Parties"), so as to be  received no later than 12:00 noon prevailing Eastern time, on

August 30, 2011 (the "Objection Deadline").  Any objection not filed and served strictly

in compliance with this paragraph shall be overruled. Any non-debtor party to any

Assigned Contract that does not object to the assumption and assignment of such

Assigned Contract strictly in accordance with this Order shall be deemed to have given

the consent contemplated by Sections 365(c)(1)(B) and 365(f)(1) of the Bankruptcy Code

to the assumption and assignment of such Assigned Contract pursuant to the Asset

Purchase Agreement, upon payment of cure amounts, if any, as specified in the Assigned

Contract Notice.

4.      With respect to the Assigned Contracts, any interested party seeking to

object to the assumption and assignment to Buyer or to another bidder or to the validity

of any cure amount which is set forth in the Assigned Contract Notice, or to otherwise

assert that any amounts, defaults, conditions, or pecuniary losses as of the Petition Date

(including accrued but not yet due obligations) must be cured or satisfied under any of

the Assigned Contracts in order for such contract to be assumed and/or assigned

(collectively, a "Cure Obligation"), must file and serve an objection (a "Cure Objection")

setting forth with specificity any and all Cure Obligations or conditions which such party

asserts must be cured or satisfied with respect to such Assigned Contract.  The Cure

Objection shall be served so that it is received by the Service Parties no later than 12:00 noon prevailing Eastern time, on August 30, 2011 (the "Cure Objection Deadline").

5.      Unless a Cure Objection is filed and served by a the Cure Objection Deadline, all interested parties who have received actual notice hereof shall be deemed to have waived and released any right to assert a Cure Obligation and to have otherwise consented to the assignment, and shall be forever barred and estopped from asserting or claiming against the Debtor, the Trustee, Buyer, or any other assignee of the relevant assigned contract that any additional amounts are due, or that defaults exist, or that additional conditions to assignment must be satisfied under such Assigned Contract relating to the period prior to the Petition Date.

6.      Cure Objections shall set forth the cure amount that the objector asserts is due, the specific types and dates of the alleged defaults, pecuniary losses and conditions to assignment, and the support therefor and for all other objections to assumption and assignment.

7.      Hearings with respect to Cure Objections may be held (a) at the Sale Hearing, or (b) at such other date as the Court may designate, provided that if the subject Assigned Contract is assumed and assigned prior to resolution of any Cure Objection, the cure amount asserted by the objecting party (or such lower amount as may be fixed by the Court) shall be deposited by Buyer to be held in a segregated account maintained by the Debtor or such other person as the Court may direct pending further order of the Court or mutual agreement of the parties.

8.      This Order shall not be deemed to have established the Cure Obligation for any Assigned Contract as to which a party thereto timely files a Cure Objection with

the Court and serves such objection so as to be received by the Service Parties not later

than the Cure Objection Deadline.

9.      In order to bid, a potential bidder must (i) submit to the Trustee's counsel,

Anderson Aquino, LLP, 240 Lewis Wharf, Boston, MA  02110, Attn: Donald F. Farrell,

Jr., a written irrevocable offer for the Purchased Assets in the minimum amount of

$1,575,00 (the "Proposed Bid");  (ii) deliver an earnest money deposit to the Trustee's

counsel in the amount of at least $100,000 (the "Bid Deposit") in the form of a bank

check or wire transfer payable to John J. Aquino, Chapter 7 Trustee of Peptimmune, Inc.

no later than 12:00 noon on September 9, 2011 (the "Bid Deadline").  The Proposed Bid

must identify the proposed bidder and contain such documents and information so as to

establish to the satisfaction of the Trustee, in his sole discretion, that (a) the proposed

bidder can pay the purchase price at the closing and (b) that the proposed bidder shall

close the sale no later than three (3) days after entry of an order confirming the sale.

10.     Proposed Bids must provide that the potential bidder will enter into a sale

agreement substantially similar to the Asset Purchase Agreement.

11.      Proposed Bids must not be subject to financing, due diligence or other

contingencies not provided for in the Asset Purchase Agreement, unless approved by the

Trustee.

12.     Only those bids that meet the requirements of the preceding three (3)

paragraphs will be considered a "Qualified Bid."  For all purposes herein, the Buyer's bid

pursuant to the Asset Purchase Agreement shall be considered a Qualified Bid.

13.     If a Qualified Bid is received by the Bid Deadline, an auction (the

"Auction") shall be conducted in Court at the Sale Hearing .

14.    Only bidders that have submitted Qualified Bids shall be eligible to

participate at the Auction.

15.    Bidding at the Auction shall start at the purchase price stated in the highest

or otherwise best Qualified Bid, as determined by the Trustee and as announced to all

Qualified Bidders before the commencement of the Auction.  Subsequent bidding may be

by open cry auction or by sealed bid, as may be determined by the Court after

recommendation by the Trustee.  At the Auction, Qualified Bidders may increase their

bids in increments of not less than $100,000.

16.    At the conclusion of the Auction, if any, the Trustee or the Court will

announce the highest or best Qualified Bid (the "Successful Bid") and the party

submitting the Successful Bid shall be the "Successful Purchaser."

17.    All Bid Deposits shall be held by the Trustee in a Trustee  account, and to

the extent it does earn interest, all such interest shall accrue to the benefit of the party

submitting the Proposed Bid.  Within five (5) business days of the Auction, Bid Deposits

(and, in the case of the Buyer, the Deposit) shall be returned to the bidders, except the

bidder that is selected as the Successful Purchaser and the High Back-up Bidder (as

defined below).  The Successful Purchaser's Bid Deposit shall be held until the closing

on the sale of the Purchased Assets and applied in accordance with the terms of the

Successful Purchaser's accepted bid.

18.    The Court shall conduct a sale hearing (the "Sale Hearing") at Courtroom

___,  12th Floor, United States Bankruptcy Court, John W. McCormack Post Office and

Court House, 5 Post Office Square, Boston, Massachusetts 02109-3945, at ____ _m. on

September 7, 2011.

19.     The Court may authorize the Trustee pursuant to the Sale Order to close the sale with the next highest bidder (the "High Back-up Bidder") if the highest bidder approved at the Sale Hearing fails to timely close the Sale, and any deposits made by the High Back-up Bidder may be held by the Trustee until the fifteenth business day after entry of the Sale Order pending such closing.

20.     Recognizing the value and benefits that the Buyer has provided to the Debtor by entering into the Asset Purchase Agreement, as well as the Buyer's expenditures of time, energy, and resources, a break-up fee in the amount of $75,000 is hereby approved, and shall be payable to Buyer as reimbursement of the expenses incurred in connection with the transactions contemplated by the Asset Purchase Agreement, including expenses of counsel and other consultants (the "Break-Up Fee") in the event that the Court fails to approve a sale to Buyer and instead approves a sale of some or all of the Purchased Assets to any entity other than the Buyer, and such sale closes. The Break-Up Fee shall be payable at the closing of the sale from the first proceeds of such sale without further order of the Court.  For purposes of clarity, if the Buyer shall be designated as the High Back-up Bidder, and thereafter acquires the Purchased Assets from the Trustee following the failure of the Successful Purchaser to consummate the transaction in accordance with applicable agreement and/or Order, then no Break-Up Fee shall be payable to Buyer in the circumstances.  The Break-Up Fee, when earned, shall constitute an administrative claim against the estate under Bankruptcy Code Sections 503(b)(1) and 507(a)(1).

21.     If Buyer elects to participate in bidding at the Auction, the amount of the Break-Up Fee shall be considered as if added to Buyer's bid in determining whether

Buyer's bid is a higher and better offer for the Purchased Assets.

22.    The Trustee is authorized and empowered to take or perform such actions

and expend such funds as may be necessary to effectuate the terms of this Bidding

Procedures Order.

SO ORDERED.

Entered at Boston, Massachusetts this _____ day of August, 2011.


_____
Hon. William C. Hillman
U.S. Bankruptcy Judge