**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)**

| | |
|---|---|
| In re<br><br>PEPTIMMUNE, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 11-12298-WCH |

**ORDER (I) APPROVING AND AUTHORIZING SALE OF CERTAIN
OF DEBTOR S ASSETS FREE AND CLEAR OF ANY AND ALL LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS;
(II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of John J. Aquino, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Peptimmune, Inc. (the "Debtor"), for an Order (the "Order") (a) authorizing bidding procedures (the "Bidding Procedures") to be employed in connection with the proposed sale (the "Asset Sale") of substantially all of the Debtor's assets (collectively, the "Purchased Assets") to Peptimmune Acquisition, LLC (together with any designees, the "Buyer") or another bidder submitting a higher or better offer at a proposed auction (the "Auction"); (b) authorizing and approving sale of the Purchased Assets free and clear of liens, claims, encumbrances and interests (collectively "Encumbrances") pursuant that certain Asset Purchase Agreement dated July 21, 2011, between the Trustee and Buyer (the "Asset Purchase Agreement"); (c) authorizing assumption and assignment of certain executory contracts, and (d) granting related relief; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other

---

[1] Capitalized terms not otherwise defined herein, shall have the meaning ascribed in the Motion or Asset Purchase Agreement, as applicable.

1

parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; adequate notice having been given and a hearing having been held on September 16, 2011 (the "Hearing"); the Court having considered the Limited Objection of Harvard University To Trustee's Sale Motion [Docket No. 66] (the "1931 Objection") as well as the testimony, documentary evidence, offers of proof (to the extent consented to by the parties), stipulations of the parties, and the arguments of counsel; good cause otherwise having been shown for the relief requested;

Upon the Motion, the exhibits annexed thereto, the evidence presented at the Hearing and the arguments of counsel advanced at the Hearing, and all prior pleadings and proceedings made herein,

THE COURT HEREBY FINDS:

A.   This Court, pursuant to 28 U.S.C. § 1334, has jurisdiction over all assets of the Debtor and its chapter 7 estate. The Motion is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   The Asset Purchase Agreement proposed by Buyer was offered in good faith, from arm's-length bargaining positions without collusion or fraud, by the parties.

C.   The Trustee and his advisers have diligently and in good faith marketed the Purchased Assets to secure the highest and best offer or offers therefor. The total consideration provided for in the Asset Purchase Agreement entered into with Buyer, and the transactions contemplated thereby, represent a fair and reasonable purchase price and constitute the highest and best offer obtainable for the Purchased Assets, and constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration

2

under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or District of Columbia, for the Purchased Assets.

D. The Trustee has demonstrated good, sufficient, and sound business purpose and justification and compelling circumstances for the sale of the Purchased Assets pursuant to section 363 of the Bankruptcy Code.

E. The Asset Purchase Agreement must be approved promptly in order to preserve the value of the Purchased Assets. The Asset Purchase Agreement presents the best opportunity to realize the value of the Purchased Assets and avoid further decline and devaluation of the Purchased Assets, and the Asset Purchase Agreement and the closing thereon will provide a greater recovery for the Debtor's creditors than would be provided by any other presently available alternative.

F. Buyer has acted in good faith in this matter, and is a good faith purchaser as that term is used in the Bankruptcy Code, and is, accordingly, entitled to the protections set forth in section 363(m) of the Bankruptcy Code.

G. With respect to any and all persons or entities asserting any lien, claim (as that term is defined in section 101(5) of the Bankruptcy Code), encumbrance, or interest of any nature or extent (each, an "Encumbrance") on the Purchased Assets, (i) applicable non-bankruptcy law permits sale of such property free and clear of such Encumbrance; (ii) such person or entity has consented to the sale and transfer, license, and assignment as applicable, free and clear of its Encumbrance, with such Encumbrance to attach to the proceeds of such sale and transfer, license, and assignment, as applicable; (iii) such Encumbrance is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such

property; (iv) such Encumbrance is in bona fide dispute; or (v) such person or entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such Encumbrance; so that the conditions of section 363(f) of the Bankruptcy Code have been satisfied. Those holders of Encumbrances who did not object or who withdrew their objections to the Motion are deemed to have consented to the Motion pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Encumbrances who did object fall within one or more of the subsections of section 363(f) of the Bankruptcy Code.

H.    All defaults (other than defaults of the type specified in section 365(b)(2) of the Bankruptcy Code) under that certain license agreement, effective as of January 8, 2003 Re:Harvard Case #1931 (the "1931 License") by and between The President and Fellows of Harvard College ("Harvard") and Peptimmune, Inc. as licensee, and the Additional Assigned Contracts set forth in Schedule A hereto (collectively with the 1931 License, the "Closing Date Assigned Contracts") will be cured by the Trustee at or prior to Closing, as a result of which all defaults necessary to be cured will have been cured, and adequate assurance of Buyer's future performance under said 1931 License and other Closing Date Assigned Contracts has been provided within the meaning of sections 365(b) and (f)(2)(B) of the Bankruptcy Code. Additionally, effective as of the Closing, as additional evidence of adequate assurance of future performance under the 1931 License and as evidence of Harvard's consent to the assumption and assignment of the 1931 License by the Trustee and to the Buyer, the Buyer and Harvard have agreed to amend certain terms of and conditions of the 1931 License pursuant to the terms and conditions of Amendment No. 1 to the 1931 License (the "Amendment").

I.    The Trustee has demonstrated that it is an exercise of its sound business judgment to assume and assign the 1931 License and the other Closing Date Assigned Contracts

4

to the Buyer and that the assumption and assignment of the 1931 License and the other Closing Date Assigned Contracts is in the best interest of the estate.

J.  The assumption and immediate assignment of the 1931 License and the other Closing Date Assigned Contracts to Buyer is subject to all the provisions of the Asset Purchase Agreement. Each and every provision of the 1931 License and the other Closing Date Assigned Contracts or applicable non-bankruptcy law that purport to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning, assignment of any of the 1931 License or other Closing Date Assigned Contracts have been satisfied or are otherwise unenforceable under section 365 of the Bankruptcy Code.

K.  Under all the circumstances presented, (i) all actions contemplated in the Asset Purchase Agreement; (ii) consummation of all acts contemplated in this Order; (iii) the transfer of the Purchased Assets by the Debtor to Buyer; (iv) the assumption and immediate assignment to Buyer of the 1931 License and the other Closing Date Assigned Contracts; and (v) the receipt by the Trustee of the Purchase Price are in the best interests of the estate, creditors, and interest holders.

L.  Proper, sufficient, and sound business reasons and other good cause for the entry of this Order have been shown.

M.  The provisions of sections 363 and 365 of the Bankruptcy Code have been complied with as they are applicable to the transfer of the Purchased Assets and the assumption and assignment of the 1931 License and the other Closing Date Assigned Contracts by the Trustee to Buyer.

N.  The Trustee has given due and proper notice of the proposed sale of the Purchased Assets to all parties required to receive notice, including without limitation, to each

5

secured party, all holders of Encumbrances of record with respect to the Purchased Assets, all of the counterparties to the 1931 License and the other Closing Date Assigned Contracts, all municipalities and licensing agencies, and any governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code) having a claim against the Trustee, the Debtor or the Purchased Assets, and all entities reasonably known to have expressed an interest in a transaction with respect to the Purchased Assets during the past twelve (12) months.

O. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein, and the rights of third parties to submit higher or otherwise better offers for the Purchased Assets, has been afforded to all interested parties and entities.

P. Except with respect to liabilities expressly assumed in the Asset Purchase Agreement, the Closing and the consummation of the transactions contemplated by the Asset Purchase Agreement shall not subject Buyer to any liability whatsoever with respect to the prepetition operation of the business of the Debtor or the postpetition operation of the business of the Debtor or the Trustee. The Buyer is not holding itself out to the public as a continuation of the Debtor, the estate or the Trustee, and no common identity of incorporators, directors, or stockholders exists between the Buyer on the one hand and the Debtor, the estate or the Trustee on the other hand (collectively the "Seller Aligned Parties"). Pursuant to the Asset Purchase Agreement, the Buyer is not purchasing all of the assets. The transactions contemplated by the Asset Purchase Agreement do not amount to a consolidation, merger, or *de facto* merger of the Buyer and any or all of the Seller Aligned Parties, there is not substantial continuity between the Buyer and any or all of the Seller Aligned Parties, there is no continuity of enterprise between any or all of the Seller Aligned Parties and the Buyer, the Buyer is not a mere continuation of any or all of the Seller Aligned Parties, and the Buyer does not constitute a successor to any or

all of the Seller Aligned Parties. Upon the Closing, the Buyer shall be deemed to have assumed only the liabilities expressly assumed in the Asset Purchase Agreement. Except for those assumed liabilities, the Buyer's acquisition of the Purchased Assets shall be free and clear of any successor liability claims of any nature whatsoever, whether known or unknown and whether asserted or unasserted as of the Closing. The Buyer's operation and use of the Purchased Assets acquired from the Trustee shall not be deemed a continuation of the business of the Seller Aligned Parties. The Court finds that the Buyer would not have acquired the Purchased Assets but for the foregoing protections against potential claims based upon successor liability theories.

Q. Neither the Trustee nor Buyer has engaged in any conduct that would cause or permit the Asset Purchase Agreement or the transactions contemplated thereby to be avoided or avoidable, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. Buyer is not an insider or affiliate of the Debtor (as such terms are defined in the Bankruptcy Code).

R. As of the Closing under the Asset Purchase Agreement, Trustee will have paid cure amounts for the 1931 License and the other Closing Date Assigned Contracts as set forth on <u>Schedule A</u> hereto and has provided each of the counterparties to the 1931 License and the other Closing Date Contracts with adequate assurance of future performance pursuant to section 365 of the Bankruptcy Code. Therefore, no uncured default shall exist under the 1931 License and the other Closing Date Assigned Contracts, nor shall there exist any event or condition which, with the passage of time or the giving of notice, or both, would constitute such a default under the 1931 License or the other Closing Date Assigned Contracts. Upon assignment and sale to the Buyer, the 1931 License and other Closing Date Assigned Contracts shall be deemed

valid and binding, in full force and effect in accordance with their terms, subject to the provisions of this Order.

S.  Time is of the essence in consummating the Sale. In order to maximize the value of the Debtor's assets, it is essential that the sale of the Purchased Assets occur within the time constraints set forth in the Asset Purchase Agreement. Accordingly, the Court finds that there is cause to waive and/or vacate the stays imposed by Bankruptcy Rules 6004(h) and 6006(d), and such stays are hereby vacated and shall have no application to the relief afforded by this Order.

T.  The 1931 Objection has been withdrawn with prejudice, based on the Buyer's undertaking to execute, deliver and perform the Amendment at the Closing.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.  The Motion is hereby granted in all respects. All objections with regard to the relief sought in the Motion that have not been withdrawn, waived, or settled, are hereby overruled on the merits. The Asset Purchase Agreement, an executed copy of which was filed with the Court, is approved in all respects.

2.  The Trustee is hereby authorized, empowered, and directed, and, upon entry of this Order, has all the power and authority necessary to (a) fully perform under, consummate, implement, execute, and deliver the Asset Purchase Agreement and all other documents contemplated thereby, to consummate the transactions contemplated by the Asset Purchase Agreement, and to take all other actions required to be taken pursuant to the Asset Purchase Agreement; (b) transfer the Purchased Assets to Buyer and to execute and deliver all the documents necessitated thereby, and to take any action necessary to effectuate the transfer of the Purchased Assets to Buyer; (c) assume and assign the 1931 License and the other Closing Date Assigned Contracts effective upon the Closing and upon the terms and conditions set forth

in the Asset Purchase Agreement; (d) receive the consideration described in the Asset Purchase Agreement from Buyer and take any action necessary to effectuate the receipt of such consideration; and (e) fully perform and take all action necessary to effectuate the Asset Purchase Agreement, the transactions contemplated thereby, and the obligations contemplated by this Order.

3. No other or further consents or approvals of this Court are required for the Trustee to consummate or effectuate (i) the Asset Purchase Agreement, (ii) the transfer of the Purchased Assets, (iii) the assumption and assignment to Buyer of the 1931 License and the other Closing Date Assigned Contracts, and (iv) the receipt of consideration from Buyer.

4. Pursuant to section 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to Buyer, and, upon the Closing under the Asset Purchase Agreement, the Purchased Assets shall be free and clear of any and all Encumbrances, including, without limitation, all claims, if any, arising from the operation or cessation of the Debtor's business, whether arising prior to or subsequent to the commencement of the Debtor's case under chapter 7 of the Bankruptcy Code, and whether imposed by agreement, understanding, law, equity, or otherwise (except as otherwise provided in the Asset Purchase Agreement or this Order), which Encumbrances, if any, shall attach to the proceeds of the sale.

5. Except as expressly permitted by the Asset Purchase Agreement and this Order, all persons or entities holding or asserting any Encumbrance of any kind or nature with respect to the Purchased Assets or business formerly conducted by the Debtor shall be, and hereby are, barred from asserting such Encumbrance against Buyer, its successors and assigns, or the Purchased Assets.

6. Effective upon the Closing, all persons and entities are forever prohibited and

enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding, against Buyer or its successors and assigns with respect to any Encumbrance. Without limiting the generality of the foregoing, Buyer shall have no liability for any claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor or its directors, officers, or shareholders.

7. Except as expressly provided in the Asset Purchase Agreement, the consummation of the Asset Purchase Agreement shall not subject Buyer to any liability whatsoever with respect to the prepetition or postpetition operation of the business of any or all of the Seller Aligned Parties in any form or manner whatsoever, including, without limitation, by reason of any theory of successor or transferee liability, *de facto* merger, or substantial continuity, whether known or unknown and whether asserted or unasserted as of the Closing.

8. If any person or entity that has filed a financing statement or other documents or agreements evidencing an Encumbrance on the Purchased Assets shall not have delivered, in proper form for filing, termination statements, instruments of satisfaction, releases, and other documents to the Trustee prior to the Closing, then the Trustee shall be and hereby is authorized to execute such termination statements, instruments of satisfaction, releases, and other documents on behalf of the person or entity and to file the same with any appropriate registry or public filing office. Notwithstanding the foregoing, the provisions of this Order authorizing the sale and assignment of the Purchased Assets free and clear of Encumbrances shall be self-executing, and notwithstanding the failure of Buyer, the Trustee, or any other party to execute, file, or obtain releases, termination statements, assignment consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof or the Asset Purchase Agreement with respect to the sale of the Purchased Assets and the assumption and assignment

of the 1931 License and the other Closing Date Assigned Contracts, all Encumbrances on the Purchased Assets and the 1931 License and the other Closing Date Assigned Contracts shall be and hereby are deemed to be divested, terminated, and discharged.

9. The Trustee is hereby authorized in accordance with section 365 of the Bankruptcy Code to (i) sell, assume, assign, and transfer to Buyer the 1931 License and the other Closing Date Assigned Contracts pursuant to the provisions of sections 363 and 365 of the Bankruptcy Code, free and clear of any and all Encumbrances, and (ii) execute and deliver to Buyer such assignment documents as may be necessary to sell, assign, and transfer the 1931 License and the other Closing Date Assigned Contracts.

10. On or before the Closing and as provided in the Asset Purchase Agreement the Trustee shall pay the amounts due, if any, on the 1931 License and the other Closing Date Assigned Contracts necessary to cure any existing default under the 1931 License or the appropriate Closing Date Assigned Contract. Other than payment of such amounts, if any, no other action needs to be taken with respect to any of the 1931 License or the other Closing Date Assigned Contracts in order for the Trustee to assume the 1931 License and the other Closing Date Assigned Contracts under sections 365(b) and 365(f)(2) of the Bankruptcy Code.

11. The 1931 License and the other Closing Date Assigned Contracts shall, upon assumption and assignment to Buyer, be deemed to be valid and binding and in full force and effect and enforceable by Buyer in accordance with their respective terms as amended by the Amendment. Notwithstanding any other provision of the Asset Purchase Agreement or this Order, as between the Buyer and the licensor under the 1931 License, the terms thereof following the Closing shall be solely as set forth in the 1931 License as amended by the Amendment. Pursuant to section 365(k) of the Bankruptcy Code, the Debtor's estate shall be

11

relieved, from the date of its assignment, from any further liability with respect to the 1931 License and the Assigned Contracts. Buyer shall not, as a result of such assignment, assume any liability under the 1931 License or the Assigned Contracts for events occurring prior thereto.

12. The assumption and assignment of the 1931 License and the other Closing Date Assigned Contracts is conditioned upon the Closing under the Asset Purchase Agreement, and the transfer of the Purchased Assets is conditioned upon the assumption and assignment of the 1931 License pursuant to this Order.

13. The Trustee is hereby authorized, empowered, and directed, and, upon entry of the Order, shall have all the authority necessary, to perform such ministerial acts as may be required to effectuate and implement the Asset Purchase Agreement and any transaction contemplated thereby. The Trustee shall cooperate with and take all actions reasonably requested by Buyer to effectuate the Asset Purchase Agreement and any transaction contemplated thereby.

14. All of the transactions and actions contemplated by this Order are properly authorized under sections 363 and 365 of the Bankruptcy Code.

15. The consideration provided by Buyer for the Purchased Assets (including the 1931 License and the other Closing Date Assigned Contracts) under the Asset Purchase Agreement is fair and reasonable and the marketing efforts described in the Motion and those conducted by the Trustee after the filing of the Motion culminated in a purchase price negotiated in good faith and at arm's length and may not be avoided, nor may costs or damages be imposed or awarded under section 363(n) or any other provision of the Bankruptcy Code.

16. This Court retains jurisdiction to enforce and implement the terms and provisions of the Asset Purchase Agreement, all amendments thereto, any waivers and consents

thereunder, and any agreements executed in connection therewith in all respects, including but not limited to, retaining jurisdiction (a) to compel delivery of the Purchased Assets (including the 1931 License and the other Closing Date Assigned Contracts) to Buyer; (b) to resolve any disputes arising under or related to the Asset Purchase Agreement, except as otherwise provided therein; (c) to protect the Buyer, or the Purchased Assets, from and against any Encumbrances; and (d) to interpret, implement, and enforce the provisions of this Order.

17. The transactions contemplated by the Asset Purchase Agreement are undertaken by Buyer, in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale to Buyer, unless such authorization is duly stayed pending such appeal. Buyer is a good-faith purchaser, and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

18. The terms and provisions of the Asset Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor's estate, and the successors and assigns of each of the foregoing, and any affected third parties, including all non-debtor parties to the 1931 License and other Closing Date Assigned Contracts notwithstanding dismissal of the Debtor's bankruptcy case.

19. The failure specifically to include or refer to any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Asset Purchase Agreement be authorized and approved in its entirety.

20. The Asset Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing

signed by the Trustee and Buyer, and in accordance with the terms of the Asset Purchase Agreement, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the estate.

21.  The automatic stay provisions of section 362 of the Bankruptcy Code are lifted and modified to the extent necessary to implement the terms and conditions of the Asset Purchase Agreement and the provisions of this Order. The Trustee irrevocably waives any right to seek any modification of this Order without the prior written consent of Buyer, and no such consent shall be implied by any other action, inaction, or acquiescence by Buyer.

22.  The provisions of Bankruptcy Rules 6004(h) and 6006(d) staying the effectiveness of this Order are hereby waived and this Order shall be effective, and the parties may consummate the transactions contemplated by the Asset Purchase Agreement, immediately upon entry.

23.  This Court shall retain jurisdiction over the parties to the Asset Purchase Agreement and the 1931 License and the other Closing Date Assigned Contracts with respect to any matters related to or arising under the Asset Purchase Agreement or under this Order.

SO ORDERED.

Entered at Boston, Massachusetts this 7th day of September, 2011.

Hon. William C. Hillman
U.S. Bankruptcy Judge

14

SCHEDULE A

| AGREEMENT NAME | CURE COSTS |
|---|---|
| 1. Letter Agreement dated October 27, 2008 by and between Peptimmune, Inc. and Corden Pharma Switzerland (as successor to Genzyme Pharmaceuticals) | $0.00 |
| 2. Storage Agreement Quote dated October 9, 2009, by and between Peptimmune, Inc. and Fisher Clinical Services. | $35,820.54 |
| 3. Storage Agreement Quote dated April 28, 2010, by and between Peptimmune, Inc. and Masy Systems, Inc. | $10,000.00 |
| 4. License Agreement, effective as of January 8, 2003, re: Harvard Case #1931, by and between Peptimmune, Inc. and The Presidents and Fellows of Harvard College. | $74,348.47 |

13450364.2